# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD PARKER, FA'AFETAI PARKER and TUALAGI GAOTEOTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANZ GUAM INC.,<br><br>Defendant. | CIVIL CASE NO. 18-00010<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLAIMS AND TO STRIKE ALLEGATIONS** |

Before the court are Defendant ANZ Guam, Inc's ("ANZ's") Motion to Dismiss Claims and to Strike Allegations in Complaint, ECF No. 16, and ANZ's Motion to Stay Discovery, ECF No. 22. After having reviewed the parties' briefs, relevant cases, and statutes, and having listened to the recording of the hearing before Magistrate Judge Manibusan on November 30, 2018, the court hereby **DENIES** Defendant's motion for the reasons stated herein.

## I. BACKGROUND

On March 21, 2018, Plaintiffs Ronald Parker, Fa'afetai Parker, and Tualagi Gaoteote (combined, "Plaintiffs") filed a class action lawsuit against Defendant ANZ. Compl. at 2, ECF No. 1. According to that Complaint, the Parkers granted ANZ a mortgage on their property in

1

2005, and Gaotete granted ANZ a mortgage on his property in 2010.[1] *Id*. at 4-5. Plaintiffs allege that ANZ has failed to provide statutorily-required periodic loan statements and interest rate adjustment notices. *Id*. at 13. Plaintiffs seek to represent three classes of individuals: (1) ANZ mortgagees "who are entitled to receive periodic statements and did not," (2) ANZ mortgagees "who did not receive notice of an increase to the interest rate of their mortgages in a timely or adequate manner," and (3) ANZ mortgagees "who were charged fees . . . in amount [sic] that exceeds the limits stated in their mortgages." *Id*. at 19-20. Plaintiffs assert four causes of action: (I) Violations of the Truth in Lending Act (TILA) and Regulation Z (12 C.F.R. § 1026) due to ANZ's alleged inadequate periodic statements, (II) Violations of TILA and Regulation Z due to ANZ's alleged inadequate rate increase notices, (III) Breach of contract due to ANZ's alleged excessive late fee charges, (IV) Unjust enrichment, and (V) Breach of the covenant of good faith and fair dealing. *Id.* at 22-26. In addition to monetary damages, Plaintiffs seek to enjoin ANZ from future violations. *Id.* at 26-27.

On June 8, 2018, Defendant ANZ filed a Motion to Dismiss Claims and to Strike Allegations in Complaint. Mot. Dismiss, ECF No. 16. Plaintiffs opposed, ECF No. 24, and ANZ replied in support, ECF No. 26. On November 30, 2018, Magistrate Judge Manibusan heard this matter.

## II.     DISCUSSION

**A. Motion to Dismiss Counts I and II**

Defendant ANZ moves to dismiss Counts I and II under Rule 12(b)(6), arguing that Plaintiffs' claims are time-barred by 15 U.S.C. § 1640(e), which requires TILA actions to be brought "within one year from the date of the occurrence of the violation." Mot. Dismiss at 7, ECF No. 16-1.

---

[1] For the purposes of resolving the instant motion, all allegations within the Complaint are taken as true.

2

"A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Enter. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted).

ANZ argues that Plaintiffs' claims are time-barred because the mortgage was executed in 2005, and Gaoteote's in 2010—both more than one year before Plaintiffs filed their Complaint in 2018. *Id*. at 14. ANZ relies on *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986), for the proposition that "the limitations period [in Section 1640(e)] starts at the consummation of the transaction"—that is, at the origination of the mortgage. In *King*, the Ninth Circuit Court of Appeals held that Section 1640(e) barred a claim for damages against a lender for failing to disclose information at the origination of the loan, when the claim was brought more than one year after that time. *Id*. In so holding, the Ninth Circuit rejected a "continuing violation" theory as "unrealistically open-ended," exposing "the lender to a prolonged and unforeseeable liability that Congress did not intend." *Id.* at 914.

Plaintiffs respond that the 15 U.S.C. § 1640(e) triggering event is not the origination of the mortgage, but rather the dates of ANZ's allegedly deficient (or nonexistent) disclosures. Opp. at 10, ECF No. 24. Unlike the nondisclosure in *King*, the alleged violations in this case are not failures to disclose at the origination of the loan agreements, but rather ANZ's failure to provide adequate periodic statements and interest rate adjustment notices. Complaint at 11, 22-23, ECF No. 1. ANZ has an ongoing statutory obligation to provide those statements and notices to mortgagors. *See* 15 U.S.C. § 1638(f) (setting forth requirements for periodic statements for residential mortgage loans); 12 C.F.R. § 1026.20(c)(2)(ii) (setting forth notice requirements "in connection with the adjustment of interest rates").

Under Defendant ANZ's interpretation of the 15 U.S.C. § 1640(e) statute of limitations, a lender could never face liability for TILA and Regulation Z notice violations that occur more

than one year into the life of the mortgage. In addition to rendering 15 U.S.C. § 1638(f) practically unenforceable one year into a mortgage, that result would contradict the stated legislative purpose of TILA "to assure a meaningful disclosure of credit terms . . . to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *see also Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) ("To effectuate TILA's purpose, a court must construe the Act's provisions liberally in favor of the consumer and require absolute compliance by creditors." (internal quotation marks omitted)).

Therefore, this court concludes that the Section 1640(e) limitations period begins to run when the alleged violations of 15 U.S.C. § 1638(f) and C.F.R. § 1026.20(c)(2)(ii) occur. Thus, while Plaintiffs cannot recover for inadequate (or nonexistent) disclosures dating over a year before they filed their Complaint,[2] Section 1640(e) permits them to recover for disclosure violations that occurred within the year before they filed suit. Accordingly, Defendants' motion to dismiss Counts I and II is **denied**.

**B. Whether to strike class allegations**

Defendant ANZ additionally moves, pursuant to Rule 12(f), to strike class allegations from Plaintiffs' Complaint. Mot. Dismiss at 9, ECF No. 16-1.

ANZ concedes that motions to strike class allegations at the pleadings stage are "generally disfavored due to the lack of a developed factual record," *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293, 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016). Nonetheless, Defendant correctly notes that courts have struck class allegations without permitting discovery "where the matter is sufficiently obvious from the pleadings." *Stokes v. CitiMortgage, Inc.*, No. CV 14-00278, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) (internal quotation marks omitted). Put another way, a district court may strike class allegations "[i]f it is obvious from the

---

[2] As ANZ correctly notes, Reply at 2 n.1, ECF No. 26, Plaintiffs have not alleged that *King's* equitable tolling exception applies to this case. *See* 784 F.2d at 914-15.

4

pleadings that the proceeding cannot possibly move forward on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).

ANZ presents three arguments as to why this court should strike the class allegations. First, ANZ argues that Plaintiffs' proposed classes are impermissible fail-safe classes. Mot. Dismiss at 10, ECF No. 16-1. Second, ANZ argues that Plaintiffs' classes include time-barred claims. *Id.* at 13. Third and last, ANZ argues that Plaintiffs' proposed "Rate Increase Class" and "Late Fee Class' improperly require individualized inquiries into the putative class members. *Id.* at 15.

Plaintiffs respond that the present pleadings stage is not the proper time to address class certification issues. Opp. at 16-17, 22 (citing abundant Ninth Circuit district courts that have deferred motions to strike class allegations until the class certification stage); *see, e.g., Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp.2d 1220, 1245-46 (C.D. Cal. 2011) (collecting cases for the proposition that it is "rare" to strike class allegations "in advance of a motion for class certification"). Plaintiffs further argue that any potential "fail-safe" issue should be remedied by simply redefining the class, rather than striking class allegations altogether. Opp. at 23, ECF No. 24; *see, e.g., In re AutoZone, Inc.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012) (noting that fail-safe issues can be remedied through redefinition of the class). Finally, Plaintiffs argue that this court should allow discovery to develop before considering a motion to strike class allegations. *Id.* at 24; *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.").

Again, this court agrees with Plaintiffs. The heart of Plaintiffs' class action lawsuit is that Defendant ANZ has systematically failed to provide notices required by TILA and Regulation Z. TILA contemplates class action lawsuits of this type. 15 U.S.C. § 1640(a). While there may be

issues with the class definitions proposed within Plaintiffs' complaint, it cannot be said that the case "cannot possibly move forward on a class wide basis." *Manning*, 725 F.3d at 59. Accordingly, Defendants' Rule 12(f) motion to strike class allegations is **denied**.

### III. CONCLUSION

For the foregoing reasons, ANZ's Motion to Dismiss Claims and Strike Allegations in Complaint is **DENIED**. ANZ's Motion to Stay Discovery is likewise **DENIED** as it is now moot.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood
    Chief Judge
Dated: Mar 29, 2019**